38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Benjamin Martin JONES, Petitioner-Appellant,
v.
SUPREME COURT of the United States of America, Respondent-Appellee.
 No. 94-4134.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Jones has not fared well in the past two decades. By his own admission, he is impoverished, homeless, and mentally ill. He attributes his plight to the success of a government conspiracy created to destroy his mental, financial, and social well-being. He alleges that, in the early 1970s, while he was confined to a mental institution in California, federal agents implanted a microwave transmitter/receiver into his body. This implant continuously transmits Mr. Jones's location to a global satellite surveillance system that, in turn, monitors Mr. Jones's activities. The implant can also receive and amplify digital signals broadcast by the government at Mr. Jones; these signals, once amplified, disturb his mental processes and can inflict excruciating pain.
 
 
 3
 Mr. Jones, in this action, seeks damages for his torment. He names as defendants virtually every judicial officer in the United States government, save those associated with this circuit. Before the district court, Mr. Jones petitioned for leave to proceed in forma pauperis. The district court denied his motion, and Mr. Jones appeals that denial.
 
 
 4
 We agree with Mr. Jones that he is in fact destitute. The record demonstrates unequivocally that his means are quite limited indeed. We therefore grant his motion for leave to proceed in forma pauperis.
 
 
 5
 The district court did not reach the merits of Mr. Jones's action. Pursuant to 28 U.S.C.1915(d), we do so here sua sponte. We do not belittle Mr. Jones's allegations of conspiracy. He ardently believes in his own persecution. Tragically, that belief may alone suffice to lend palpable reality to his perceptions. Certainly, the extent of his agony is manifest.
 
 
 6
 Nevertheless, we cannot find his claims to be credible. We take judicial notice that modern communications technology is not yet so capable as to allow a mobile, miniature microwave transmitter to maintain a continuous satellite link-up for a period in excess of two decades. Contemporary surveillance techniques, while no doubt remarkable, likewise lack the requisite prowess.
 
 
 7
 We therefore deem Mr. Jones's complaint to be frivolous within the meaning of 1915(d). We remand to the district court with instructions to grant the motion for leave to proceed in forma pauperis and to dismiss Mr. Jones's action under 1915(d).
 
 
 8
 REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470